## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

**Civil Action No. 10-331-HRW**

**JANET MARIE MARTIN,**                                                        **PLAINTIFF,**

**v.**                        <u>**MEMORANDUM OPINION AND ORDER**</u>

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                        **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits on December 4, 2006, alleging disability beginning on November 1, 2005, due to migraines, neck pain and shoulder pain (Tr. 45).  This application  was denied initially and on reconsideration (Tr. 88-89).

On February 24, 2010, an administrative hearing was conducted by

Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ"), wherein

Plaintiff, accompanied by counsel, testified.  At the hearing, Jackie Rogers, a

vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 2, 2010, the ALJ issued his decision finding that Plaintiff was not

disabled (Tr. 10-17).

Plaintiff was 47 years old on her date last insured (Tr. 16, 154). She has at least an high school education grade education and her past relevant work experience consists of work as a bookkeeper and bar owner (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date of November 1, 2005 through her date last insured of September 30, 2008 (Tr. 12).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic right shoulder pain secondary to right shoulder impingement syndrome, chronic migraine headaches, degenerative disc disease of the cervical spine, multiple myalgias, ruling out fibromylagia, and left knee bursitis, which he found to be "severe" within the meaning of the Regulations (Tr. 12.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12-15).

The ALJ further found that Plaintiff perform her past relevant work (Tr. 16) and that she has the residual functional capacity ("RFC") to perform a limited range of light level work, with certain restrictions as set forth in the hearing decision (Tr. 15-16).

3

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 28, 2010 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 14 and 15] and this matter is ripe for decision.

### III. ANALYSIS

**A.    Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in evaluating her credibility and (2) the ALJ improperly discounted the opinions of her treating physicians.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ erred in evaluating her credibility.  Specifically, Plaintiff contends that the ALJ improperly discounted her complaints of disabling migraine headache pain, failed to identify whether her migraine headaches were exertional or non-exertional, and did not comment on her weight loss of 34 pounds over the course of 14 months.

The Sixth Circuit uses a two-prong test to evaluate a claimant's assertions of disabling pain.  First, the court must  examine whether there is objective medical evidence of an underlying medical condition. If there is, then the court

examines: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (*quoting Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). An individual's statements as to "pain or other symptoms will not alone establish that [she is] disabled . . . ." *See* 20 C.F.R. § 404.1529(a).

In examining the medical evidence of record, the ALJ found that during roughly one-half the period being adjudicated, Plaintiff sought no treatment for her alleged symptoms.  Whatever treatment was rendered is lacking in laboratory findings or other test results which would support her assertions of disabling pain. For example,  an MRI of her left knee showed that she had, at most, mild bursitis ("questionable mild bursitis") (Tr. 16, 385).  Further, regarding fibromyalgia, in September 2008, Dr. Tucker performed a trigger point test for fibromyalgia, but no trigger points were elicited (Tr. 13, 362).

The ALJ also found that Plaintiff's credibility was diminished as she had a proclivity to complain, and cited a treatment note from an ER visit in July 2004 for abdominal pain that indicated she was "very dramatic" and was on her hands and knees, screaming (Tr. 13, 16, 306).

In addition, the ALJ observed that Plaintiff denied taking any medications at that visit, yet tested positive for opiates (Tr. 13, 308, 310).

Finally, the ALJ stated that Plaintiff's "lifestyle" diminished her credibility (Tr. 16). This was most likely a reference to the fact that she continued to smoke cigarettes during much of the relevant period, even though she complained that she could not afford medication (Imitrex) that was recommended to her for her migraines(Tr. 13, 28-29, 314, 366).

As for whether Plaintiff's migraine headaches were exertional or non-exertional, pain may impose either type of limitation. *See* 20 C.F.R. § 404.1569a. In this case, the ALJ incorporated non-exertional environmental limitations to concentrated vibration and industrial hazards.

Finally, Plaintiff's argument that the ALJ did not comment on her weight loss of 34 pounds over the course of 14 months is undeveloped. She provides neither citations to the record or any legal authority for her argument.

Having reviewed the record, the Court finds no error in the ALJ's evaluation of Plaintiff's credibility.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinions of her treating physicians.  However, Plaintiff has not identified any actual opinion from a treating source regarding her alleged disability, her

7

functional limitations or her ability to work.  As such, this argument is without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of November, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge

8